SUMMARY ORDER
Defendant-appellant Constantine Stamoulis appeals from an order entering judgment following a jury trial that found defendant liable for securities fraud in an insider trading case brought by plaintiffappellee the Securities and Exchange Commission (“SEC”). On appeal, defendant argues that there was insufficient evidence to sustain the jury’s finding of liability with respect to the following issues: (1) that the information defendant traded upon was in fact non-public information and (2) that the information was disclosed through a breach of fiduciary duty. Defendant also contends that the District Court improperly admitted evidence pertaining to these issues. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
We review de novo challenges to the sufficiency of the evidence. See, e.g., United States v. Rangolan, 464 F.3d 321, 324 (2d Cir.2006). It is well-established law that when a defendant has failed to assert his sufficiency of the evidence argument by motion for judgment as a matter of law or otherwise, we will not review those claims on appeal absent “extraordinary circumstances.” See Jacques v. DiMarzio, Inc., 386 F.3d 192, 199 (2d Cir.2004). Here, defendant failed to move for judgment as a matter of law or to otherwise argue in the District Court that the SEC had not introduced sufficient evidence to support a finding of liability. We may “overlook such a default in order to prevent manifest injustice in cases where a jury’s verdict is wholly without legal support.” Pahuta v. Massey-Perguson, Inc., 170 F.3d 125, 129 (2d Cir.1999) (internal quotation marks and citations omitted). Stamoulis does not urge us to overlook his failure to move under Rule 50 of the Federal Rules of Civil Procedure, nor do we perceive that the jury verdict is “wholly without legal support.” Id.
Even if defendant had preserved his sufficiency of the evidence claim, a reviewing court must “credit every inference that could have been drawn” in favor of the party defending the verdict, United States v. Reifler, 446 F.3d 65, 94 (2d Cir.2006), and uphold the jury verdict so long as any rational trier of fact could have found the essential elements necessary for liability, see United States v. Rodriguez, 392 F.3d 539, 544 (2d Cir.2004). We find no basis to overturn the jury’s verdict here.
Defendant argues for the first time on appeal that the admission of Michael Nicolaou’s testimony was improper due to the fact that the testimony was judged to be hearsay in parallel criminal litigation. By failing to raise this issue in the District Court, defendant has waived the issue. See Duamutef v. O’Keefe, 98 F.3d 22, 25 (2d Cir.1996).
Defendant also argues that the District Court “abused its discretion” when it admitted John Tsiforis’s plea allocution. We find this argument to be without merit. We review a district court’s ruling to admit or exclude evidence under a deferential *501 “abuse of discretion” standard, and “will reverse [a district court] only where a ruling to admit or exclude evidence is manifestly erroneous.” See United States v. Samet, 466 F.3d 251, 254 (2d Cir.2006) (internal quotation marks omitted). Defendants must also show that any error in admitting the challenged evidence was not harmless error. An error is harmless “if the appellate court can conclude with fair assurance that the improperly admitted evidence did not substantially influence the jury.” Hynes v. Coughlin, 79 F.3d 285, 291 (2d Cir.1996). Even assuming that the challenged testimony was improperly admitted
[w]e will [nevertheless] not grant a new trial unless we find that the introduction of inadmissible evidence was a clear abuse of discretion and was so clearly prejudicial to the outcome of the trial that we are convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice. We measure prejudice by assessing error in light of the record as a whole.
Phillips v. Bowen, 278 F.3d 103, 111 (2d Cir.2002).
We cannot say that the challenged testimony yielded a “seriously erroneous” result in the finding of liability here. Accordingly, we find that the District Court did not “abuse its discretion” in admitting the contested evidence.

CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED.